# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHNATHAN H. WEIMAR, on behalf of himself and all others similarly situated persons and entities, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 2:19-cv-2698 |
| GEICO ADVANTAGE INSURANCE COMPANY, , a foreign corporation ) ) ) ) | |
| Defendant. ) | |

## DEFENDANT GEICO ADVANTAGE INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant GEICO Advantage Insurance Company ("Defendant" or "GEICO") hereby gives notice of removal of this action, captioned *Jonathan H. Weimar v. GEICO Advantage Insurance Company*, bearing case number CH-18-0976, and including the matter of *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company*, which has been consolidated herein, from the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee. Pursuant to 28 U.S.C. § 1446(a), GEICO provides the following statement of the grounds for removal:

### I.  BACKGROUND

1. On June 29, 2018, Plaintiff Jonathan H. Weimar filed this putative class action in the Chancery Court of Shelby County, Tennessee, on behalf of himself and all similarly situated persons and entities. In his original Complaint, Plaintiff alleged that "the damages to the Class

Members mathematically cannot exceed the $5 million amount in controversy that is required under 28 U.S.C. § 1332(d)(2) for federal subject matter jurisdiction." Compl. ¶ 40. Plaintiff further asserted that based on GEICO's market share in Tennessee, an estimation of the average number of uninsured motorist claims GEICO experiences each year, and a calculation of the number of deductibles allegedly unlawfully imposed, "the damages to the Class Members does not exceed $2,430,000." Compl. ¶¶ 40-44. Further, the ad damnum limits compensatory damages to the "total amount" of $2,430,000, and Plaintiff did not seek punitive damages. *See* Compl. at 25.

2. Plaintiff filed an Amended Class Action Complaint ("First Amended Complaint") on May 28, 2019. The Amended Complaint again pleads that "the damages to the Class Members does not exceed $2,430,000," and the ad damnum again limits compensatory damages to the "total amount" of $2,430,000. First Am. Compl. ¶¶ 42-49, p. 26. Just as with the original Complaint, the First Amended Complaint did not seek punitive damages.

3. On April 9, 2019, Plaintiff Marlena Tripp-Caldwell filed a substantially similar class action in the Chancery Court of Shelby County, Tennessee, on behalf of herself and all similarly situated persons and entities, which was formerly captioned *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company*, and bore case number CH-19-0540-1. The complaint filed by Ms. Tripp-Caldwell ("Tripp-Caldwell Complaint") pleaded that "the estimated damages to the Class are, at most, $3,000,000. When this number is increased by the 25% penalty afforded under TENNESSEE CODE ANNOTATED § 56-7-105, the damages to the Class Members does not exceed $3,750,000," and the ad damnum limited compensatory damages to the "total amount" of $3,000,000 plus 25% pursuant to Tenn. Code Ann. § 56-7-105.

Tripp-Caldwell Compl. ¶ 46, p. 24.  Just as with the Complaint and First Amended Complaint filed by Mr. Weimar, the Tripp-Caldwell Complaint did not seek punitive damages.

4. On June 25, 2019, the Chancery Court entered an Order Granting Joint Motion to Consolidate, which consolidated the case of *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company* "into" the case of *Jonathan H. Weimar v. GEICO Advantage Insurance Company*, Case No. CH-18-0976.  The Chancery Court's order reflects that *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company* was "formerly" Case No. CH-19-0540.

5. Even after the Tripp-Caldwell Complaint was consolidated into the instant matter, the amount in controversy did not exceed $5,000,000.  The putative class identified in the Tripp-Caldwell Complaint (for a time period from April 9, 2013 to present) was already covered by the putative class identified in the First Amended Complaint filed in this case (for a time period from June 29, 2012 to present).  Thus, as a consolidated case, the relief sought in the Tripp-Caldwell Complaint was subsumed by that sought in the First Amended Complaint.  At most, the combined pleadings sought relief of no more than $3,750,000 and did not seek punitive damages.

6. On September 13, 2019, Plaintiff filed a Motion for Leave to Amend First Amended Class Action Complaint ("Motion for Leave to Amend") and Memorandum in Support Thereof and attached a proposed Second Amended Class Action Complaint ("Second Amended Complaint") as Exhibit A to his motion.  This Motion for Leave to Amend was granted, and the Order Granting Motion for Leave to Amend was entered, by the Chancery Court of Shelby County, Tennessee on October 11, 2019.  In the Second Amended Complaint, Plaintiff omits the allegations present in the Complaint and First Amended Complaint that calculate the maximum

possible damages based on various facts and estimations. *See* Second Am. Compl. ¶¶ 42-44. Additionally, Plaintiff adds a request for punitive damages "in an amount not less than $24,300,000.00." Second Am. Compl. at 27.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, the Tripp-Caldwell Complaint, the First Amended Complaint, the Second Amended Complaint, and all process and pleadings are attached collectively as Exhibit A.

8. Under 28 U.S.C. § 1446(b), this Notice of Removal may be filed within 30 days after receipt by a defendant of a copy of an amended pleading, motion, order or other paper from which it may ascertain that the case is one which is or has become removable.

9. As a result of the amendment, the requisite amount in controversy under the Class Action Fairness Act ("CAFA"), codified as 28 U.S.C. § 1332(d), is now satisfied.

10. This Notice of Removal is filed within thirty days of service of Plaintiff's Motion for Leave to Amend, the Chancery Court's grant of Plaintiff's Motion for Leave to Amend, and the Chancery Court's Order Granting Motion for Leave to Amend; and is timely under 28 U.S.C. § 1446(b).

11. Concurrent with this filing, GEICO is serving its Notice of Removal on Plaintiff's counsel and filing a Notice of Filing Notice of Removal with the Chancery Court of Shelby County, Tennessee, attached as Exhibit B.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(c)(2), 1391, 1441(a), 1446(a), and 1453(b) because the Chancery Court of Shelby County, Tennessee, where the Complaint was filed, is a state court within the Western District of Tennessee, Western Division.

13. This Court has subject matter jurisdiction under CAFA because (1) there is

minimal diversity of citizenship between the parties; (2) there are at least 100 putative class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

14. By filing a Notice of Removal in this matter, GEICO specifically reserves its right to assert any defenses and/or objections to which it may be entitled.

## II. DIVERSITY JURISDICTION UNDER CAFA IS SATISFIED.

15. CAFA provides for broad federal jurisdiction with a strong preference that interstate class actions be heard in federal court if properly removed. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that "no antiremoval presumption attends cases invoking CAFA"); *Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 913 (6th Cir. 2017) (same).

16. Under CAFA, federal courts have jurisdiction over class actions "if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B)); *see also Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017).

17. Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. at 553 (quoting 28 U.S.C. § 1446(a)); *Faktor v. Lifestyle Lift*, No. 1:09-CV-511, 2009 WL 1107908, at *3 (N.D. Ohio Apr. 23, 2009).

### A. The Putative Class Size Exceeds 100 Members.

18. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). In the Second Amended Complaint—as well as in the original Complaint and the

First Amended Complaint—Plaintiff pleads that the number of putative class members is greater than 1,000. *See* Second Am. Compl. ¶ 45; *see also* Compl. ¶¶ 43-44, 47; First Amended Compl. ¶¶ 48-49, 52.

19. By Plaintiff's own allegations, therefore, the putative class well exceeds at least 100 persons.

### B. Minimal Diversity Is Satisfied.

20. Plaintiff's lawsuit satisfies CAFA's minimal diversity requirement. Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where "any member of a [putative] class of plaintiffs is a citizen of a state different from any defendant." *Id.*; *Roberts*, 874 F.3d at 956.

21. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

22. According to the Second Amended Complaint, Plaintiff Jonathan H. Weimar is a resident of Germantown, Tennessee. Second Am. Compl. ¶ 4; *see also* Compl. ¶ 4; First Am. Compl. ¶ 4. Plaintiff Weimar is, therefore, a citizen of Tennessee.

23. GEICO is a foreign corporation, incorporated in Nebraska, with its principal place of business in Maryland. Second Am. Compl. ¶ 5; *see also* Compl. ¶ 5; First Am. Compl. ¶ 5; Answer ¶ 5. GEICO is, therefore, deemed a citizen of Nebraska and Maryland.

24. Since Plaintiff is a citizen of Tennessee and GEICO is a citizen of Nebraska and Maryland, the parties satisfy the minimal diversity requirement.

### C. The Minimum Amount in Controversy Requirement Is Satisfied.

25. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "[T]he District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); 28 U.S.C. § 1332(d)(6).

26. Plaintiff brings this action on behalf of a putative class of "all similarly situated persons and entities who were insured by GEICO under an insurance policy issued in Tennessee for motor collision and uninsured motorist coverage and submitted an uninsured motorist claim to GEICO where GEICO determined the other drive r was known, uninsured and solely at fault and to whom GEICO applied a $200 deductible (or any other deductible)." Second Am. Compl. ¶ 45. In the Second Amended Complaint, Plaintiff seeks compensatory damages in the amount of $2,430,000 and punitive damages "in an amount not less than $24,300,000.00." Second Am. Compl. at 27.

27. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)); *see also Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent

claimed in determining [the] jurisdictional amount."). Thus, courts considering removal under CAFA aggregate the value of the compensatory and punitive relief sought in the complaint at the time of removal. *See, e.g.*, *Jarrett v. Panasonic Corp. of North Am.*, 934 F. Supp. 2d 1020, 1025 (E.D. Ark. 2013) (holding that "[e]ven if the aggregated actual damages in this action do not exceed $5 million," the CAFA amount-in-controversy was satisfied "because of the potential for punitive damages and attorneys' fees" and collecting cases); *Hurst v. Nissan North America, Inc.*, 511 F. App'x 584, 586-87 (8th Cir. 2013) ("On remand, should punitive damages find their way into the case for consideration by the jury (whether by formal amendment to the pleadings or otherwise), immediate removal would be timely and almost certainly proper."); *Peraldo v. TNOW Entertainment Group, Inc.*, 2009 WL 10715059, at *4 (M.D.N.C. Apr. 14, 2009) ("I agree with Defendant TNOW that Plaintiff's specified claim for punitive damages, on behalf of herself and each class member individually, places the amount in controversy above $5 million, thus meeting the jurisdictional amount under CAFA.").

28.    Tennessee law permits awards of punitive damages upon a finding "by clear and convincing evidence, that a defendant's wrongful actions were intentional, fraudulent, malicious, or reckless." *White v. Empire Express, Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012) (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)). Plaintiff's Second Amended Complaint alleges that GEICO "recklessly or intentionally misclassifies what are in actuality uninsured motorist claims as collision claims, thereby forcing its insureds to pay a collision deductible to the repair shops that fix these vehicles (or, when the vehicle is a total loss, wrongly applying a deductible)." Second Am. Compl. ¶ 86. Plaintiff's Second Amended Complaint further alleges that "[t]he conduct of Defendant [is] grossly negligent, reckless and/or intentional

. . . . The files, along with other documents produced by GEICO, indicate that GEICO is fully aware of the prohibitions set out by TENNESSEE CODE ANNOTATED § 56-7-1201(c) but recklessly and/or intentionally ignores the law." Second Am. Compl. ¶ 87. The Second Amended Complaint also alleges facts going to "the applicable factors that may be addressed by the fact finder when determining punitive damages." Second Am. Compl. ¶ 89. While GEICO reserves the right to challenge the merits of Plaintiff's claim for punitive damages, in light of these these newly added allegations, it is not "apparent to a legal certainty," that Plaintiff will be unable to recover punitive damages.

29. Given the size of the putative class and the now-alleged punitive damages, it is clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

### III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

#### A. This Notice of Removal Is Timely.

30. This Notice of Removal is timely filed. GEICO was served with Plaintiff's Motion for Leave to Amend on September 13, 2019. The Chancery Court of Shelby County, Tennessee, granted Plaintiff's Motion for Leave to Amend on October 11, 2019, and the Chancery Court entered an Order Granting Motion for Leave to Amend on October 11, 2019. Before Plaintiff sought leave to amend, the amount in controversy requirement under CAFA could not have been satisfied. Tennessee law is clear that "absent a statute or rule of law to the contrary, a plaintiff is prohibited from recovering money damages in excess of the amount sought in the complaint." *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 384 (Tenn. Ct. App. 2006); *see also* Tenn. R. Civ. P. 8.01 (requiring a pleading for a claim for relief to set forth "a demand for judgment for the relief the pleader seeks").

31. The amount in controversy requirement under CAFA was satisfied only once Plaintiff sought leave to amend his First Amended Complaint and raised the possibility of obtaining punitive damages, which increased the value of the relief sought to over $5 million. Because GEICO filed this Notice of Removal on October 11, 2019 -- within 30 days of service of Plaintiff's Motion for Leave to Amend and Chancery Court's Order Granting Motion for Leave to Amend -- removal is timely. *See* 28 U.S.C. § 1446(b)(3).

### B.     The One-Year Limitation Under Section 1446(c)(1) Does Not Apply.

32. As the Sixth Circuit has recognized, "28 U.S.C. § 1453(b) states an exception to the 'one year rule' of 28 U.S.C. § 1446(b) and permits a defendant in a putative class action to remove a matter more than one year after a complaint is first filed." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 406-07 (6th Cir. 2007); *see also In re Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (again recognizing that section 1453(b) eliminates for CAFA cases "the one-year general limit on removal of a case after the commencement of the state court action"); 28 U.S.C. § 1453(b) (providing that a class action may be removed in accordance with 28 U.S.C. § 1446 "except that the 1-year limitation under section 1446(c)(1) shall not apply").

33. This reading of § 1453(b) has been widely accepted nationwide. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 776 (8th Cir. 2014) ("§ 1453(b) unambiguously provides that the one-year removal limit in § 1446(c)(1) does not apply."); *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("A CAFA case may be removed at any time, provided that neither of the two thirty-day period under § 1446(b)(1) and (b)(3) has been triggered."); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 (3d Cir. 2014) ("Specifically, 28 U.S.C. § 1453 provides that the 1–year limitation for removal under §

1446(c)(1) does not apply to removal under CAFA."). "Thus, a defendant may be able to remove an action under CAFA well into the course of the litigation once facts are discovered supporting removal." *Judon*, 773 F.3d at 508 (citing Georgene M. Vairo, *Moore's Federal Practice: The Complete CAFA: Analysis and Developments Under the Class Action Fairness Act of 2005,* p. 167 (Matthew Bender 2011)).

34. Accordingly, under CAFA, a defendant may remove more than one year after the filing of the state court complaint, so long as the notice of removal is within 30 days after the receipt of a triggering paper under § 1446(b)(1) or (3). As set forth in Section III.B above, this Notice of Removal is timely under § 1446(b)(3).

### C. This Removal Includes the Case of *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company* Which Has Been Consolidated Into This Case.

35. As discussed above, the Chancery Court's Order Granting Joint Motion to Consolidate consolidated the case of *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company* "into" this matter and under the same case number. The Tennessee Court of Appeals has recognized that such a consolidation is clearly "for all purposes" and "mak[es] the two cases into one case." *See Country Mile, LLC v. Cameron Props.*, 2019 WL 1200675, at *22-23 (Tenn. Ct. App. Mar. 13, 2019) (finding that a consolidation of one action "into" another was clearly a consolidation "for all purposes" and "ma[de] the two cases into one case under one case number").

36. Where a state court's consolidation order "destroys the identity of each suit and merges them into one," the cases are considered to be one case for purposes of removal. *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 929-30 (9th Cir. 2015) (quoting *City of Oakland v. Abend*, 2007 WL 2023506, at *3 (N.D. Cal. July 12, 2007)); *see also Cottman Transmission Sys., LLC v. Bence*, 2004 WL 98594, at *2 (holding that consolidated cases were to

be treated as one where the consolidation order "makes clear that the combined actions are to be treated as if they 'had been originally commenced as a single action'"); *Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 909 (6th Cir. 2017) (citing to *Bridewell-Sledge* on another issue and noting that it involved "two class actions filed in state court and consolidated").

37. Because the Chancery Court's consolidation order merged the case of *Marlena L. Tripp-Caldwell v. GEICO Advantage Insurance Company* and the instant case "into one case under one case number," they are to be treated as one case for purposes of removal.[1]

## IV.   CONCLUSION

WHEREFORE, GEICO hereby removes this action from the Chancery Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee.

---

[1] On the morning of October 11, 2019, adversary counsel announced in Chancery Court his intention to "take a non-suit" of the Tripp-Caldwell matter, however, no such notice has been filed and no order relating to any non-suit has been entered.

|  |  |
|---|---|
| Dated: October 11, 2019. | Respectfully submitted,<br><br>s/ George T. Lewis, III<br>George T. Lewis III (TN #7018)<br>Mitchell S. Ashkenaz (TN #34129)<br>BAKER, DONELSON, BEARMAN,<br> CALDWELL & BERKOWITZ, PC<br>165 Madison Avenue, Suite 2000<br>Memphis, Tennessee   38103<br>Telephone: 901.526.2000<br>Facsimile: 901.577.0818<br>blewis@bakerdonelson.com<br>mashkenaz@bakerdonelson.com<br><br>*Counsel for Defendant GEICO Advantage Insurance Company* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email and/or U.S. First Class Mail, postage prepaid, on this day of Friday, October 11, 2019 to the following:

| | |
|---|---|
| Frank L. Watson (TN # 15073)<br>Watson Burns, PLLC<br>253 Adams Ave.<br>Memphis, TN 38104<br>Phone: (901) 529-7996<br>*Attorney for Plaintiff* | Malcom B. Futhey, III (TN # 24432)<br>Futhey Law Firm, PLC<br>1440 Poplar Ave.<br>Memphis, TN 38104<br>Phone: (901) 725-7585<br>*Attorney for Plaintiff* |

                                                    s/ George T. Lewis, III
                                                   George T. Lewis, III