IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHNATHAN H. WEIMAR, on behalf of himself and all others similarly situated persons and entities, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:19-cv-2698-JTF-tmp |
| GEICO ADVANTAGE INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | JURY DEMAND |
| Defendant. | ) ) | |

**MOTION TO COMPEL JONATHAN WEIMAR TO SUPPLEMENT INCOMPLETE AND EVASIVE RESPONSES TO GEICO'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant GEICO Advantage Insurance Company ("GEICO" or "Defendant"), by and through undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, files this Motion to Compel against Plaintiff Jonathan Weimar ("Plaintiff") because he has provided incomplete and evasive responses to GEICO's Second Set of Interrogatories and Requests for Production ("GEICO's Second Discovery Requests"), which were served on Plaintiff's counsel on April 19, 2019. In support of this Motion, GEICO states as follows:

**BACKGROUND**

This putative class action was filed on June 29, 2018 in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis (the "Chancery Court"). On October 11, 2019, GEICO timely removed this action to the present Court pursuant 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Prior to removal, on April 19, 2019, GEICO served Plaintiff with GEICO's Second Discovery Requests. Plaintiff has failed to adequately respond to GEICO's Second Discovery Requests despite the extended period of time Plaintiff was allowed to respond; despite multiple informal requests from GEICO's counsel to supplement the deficient responses; and despite a Chancery Court ruling that most of Plaintiff's responses were deficient.

Plaintiff's responses were due on or about May 19, 2019; however, Plaintiff failed to timely respond.  GEICO's counsel reached out to Plaintiff's counsel multiple times to inquire about the overdue responses, and on June 11, 2019, GEICO agreed to provide Plaintiff a thirty day extension from the original due date of the Second Discovery Requests (May 19, 2019). Accordingly, on June 11, 2019, GEICO sent Plaintiff a proposed order extending the deadline to respond to discovery, which provided as follows:

1.   Defendant served and propounded upon Plaintiff a Second Set of Interrogatories and Requests for Production on April 19, 2019, which became due on May 19, 2019.
2.   Defendants have agreed to provide Plaintiff a 30-day extension.
3.   Plaintiff shall have until June 18, 2019 to respond to Defendants' Second Set of Interrogatories and Requests for Production without waiving any objections.

(*See* email from M. Ashkenaz to F. Watson, 6/11/19) (attached as <u>Exhibit A</u>).  With Plaintiff's permission, the proposed Agreed Order Granting Extension of Time to Respond to Discovery Requests was entered in the Chancery Court, verbatim, on June 19, 2019.  Plaintiff still provided no responses and, on June 24, 2019, Defendant's counsel offered Plaintiff an additional extension, until July 8, 2019.  (*See* email from B. Lewis to F. Watson, 6/25/19) (attached as <u>Exhibit B</u>).  Despite an email reminder sent by GEICO's counsel on July 8, 2019, no responses

2

were provided that day.  (*See* email from B. Lewis to M. Futhey, 7/8/19) (attached as Exhibit C).

Responses were finally provided on July 16, 2019.

The responses, however, were deficient in various ways.  For sake of clarity, GEICO has

copied the specific requests, incomplete/evasive responses, and the deficiencies below:

**INTERROGATORY NO. 17:** On the date of the accident, state the origin and destination of each and every trip, whether business or personal, that you took that day using the vehicle involved in the accident, whether before or after the accident, stating the approximate time of departure and arrival and the purpose of the trip.

**RESPONSE NO. 17** : Objection. Interrogatory No. 17 is vague and ambiguous as well as overly broad and unduly burdensome. Without waiving said objection, Weimar does not recall his destinations on the day of the accident.

**DEFICIENCIES:**   At the outset, the interrogatory is neither vague nor ambiguous.  GEICO has received records from both Uber and Lyft, and shared the same with Plaintiff, providing that Mr. Weimar was using each application to provide rideshare services on the date of the accident, January 12, 2018.  Mr. Weimar's response that he does not recall any information responsive to this interrogatory is unacceptable.

**INTERROGATORY NO. 18:** On the date of the accident, please describe all interactions you had with Uber and/or Lyft and the Uber and/or Lyft mobile applications, including when the applications were turned on and how many riders you transported for Uber and/or Lyft that day.

**RESPONSE:** Objection. Interrogatory No. 18 is vague and ambiguous as well as overly broad and unduly burdensome.

**DEFICIENCIES:**   The interrogatory is neither vague nor ambiguous. GEICO has received records from both Uber and Lyft, and shared the same with Plaintiff, providing that Mr. Weimar was using each application to provide rideshare services on the date of the accident, January 12, 2018.  Mr. Weimar's non-response to this interrogatory is unacceptable.

**INTERROGATORY NO. 29:** Please describe the "formal notice" Plaintiff is alleged to have provided GEICO as described in Paragraphs 63 & 64 of your Complaint, including how the "formal notice" was provided to GEICO, in what format the "formal notice" was provided to GEICO, on what date the "formal notice" was provided to GEICO, the content of the "formal notice" provided to GEICO, and who sent the "formal notice" to GEICO on behalf of Plaintiff.

**RESPONSE:** Objection. Interrogatory No. 29 calls for a legal conclusion or legal opinion from Plaintiff, who is not an attorney.

**DEFICIENCIES:**   In Plaintiff's Second Amended Complaint, he alleges that he sent GEICO "formal notice" demanding payment of his claim. (*See* Am. Compl.

4846-9586-9090v4
2815012-000007

¶¶ 60-64). The interrogatory references the same language used by Plaintiff in filing his Second Amended Complaint. Plaintiff clearly should understand what formal notice or letter was sent to GEICO, when it was sent, and by whom. Accordingly, this interrogatory does not improperly call for a legal conclusion or legal opinion from Plaintiff.

**REQUEST NO. 28:** Produce all documents relating or your use of the Uber mobile or tablet application.
**REQUEST NO. 30:** Produce all communications between you and Uber including, but not limited to, communications recorded in written and/or oral form.
**REQUEST NO. 31**: Produce all documents relating or your use of the Lyft mobile or tablet application.
**REQUEST NO. 32:** Produce all communications between you and Lyft including, but not limited to, communications recorded in written and/or oral form.
**RESPONSE NO. 28, 30, 31 & 32:** Objection. Request No. [ ] is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to admissible evidence.
**DEFICIENCIES**: These requests are straightforward. In addition, GEICO's position is more fully described in its Motion for Summary Judgment filed in this Court, is that Mr. Weimar's use of Uber's and LYFT's ride sharing applications is possibly relevant to Mr. Weimar's entitlement to any coverage, including coverage for uninsured motorist property damage. At the very least, all of the information requested in requests 28, 30, 31 & 32 are very clearly reasonably calculated to lead to the discovery of relevant and admissible evidence.

On August 2, 2019, GEICO sent a detailed email to Plaintiff's counsel regarding the above referenced deficiencies; however, Plaintiff provided no response. (*See* email from M. Ashkenaz to M. Futhey, 8/2/19) (attached as Exhibit D).

On September 13, 2019, GEICO filed in the Chancery Court a Motion to Compel Jonathan H. Weimar To Supplement Incomplete and Evasive Responses to GEICO's Second Set of Interrogatories and Request for Production Of Documents ("motion to compel") based on the foregoing facts and requesting identical relief as requested through the present Motion. A hearing on GEICO's motion to compel was held on October 11, 2019, and the Chancellor orally granted GEICO's motion to compel in part. With respect to Interrogatory Nos. 17 & 18 and

4846-9586-9090v4
2815012-000007

Requests Nos. 28, 30, 31 & 32, the Chancellor ruled that "[a]nything that is requested with respect to [Mr. Weimar's] employment in driving the car, as he was Ubering, driving his Uber, I'm ordering [Plaintiff] to answer those questions in full." (Tr. from October 11, 2019 Hr'g., pp. 22, 33 attached as Exhibit E).  In addition, the Chancellor ruled that Plaintiff was compelled to respond to Interrogatory No. 29 regarding the alleged "formal notice" Plaintiff provided to GEICO.  (*See id.* at p. 31).

GEICO removed this case on October 11, 2019, the same day as the hearing on GEICO's motion to compel and, so, no order granting GEICO's motion to compel was entered in the Chancery Court; however, to date, Plaintiff has not supplemented any discovery responses.

## ARGUMENT

Under Rule 37(a) of the Federal Rules of Civil Procedure, a party may apply for an order compelling discovery where another party fails to answer an interrogatory.  And, for purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.*

There is no justification for Plaintiff's evasive and incomplete answers to GEICO's straightforward Second Discovery Requests, which are tailored relevant to Plaintiff's claims and GEICO's defenses and proportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b). Significantly, the Chancery Court has already held that all (but one) of the requests that GEICO sought to compel were proper and that Plaintiff was compelled to respond.  Pursuant to Federal Rules of Civil Procedure Rule 37(a)(5)(A), if a "motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  GEICO's motion should be enforced by this Court in the

5

same manner that it was granted by the Chancery Court. In addition, Plaintiff's refusal to supplement his evasive responses after being orally ordered to do so by a court of competent jurisdiction warrants sanctions. Accordingly, GEICO further requests an award of fees and expenses in compelling Plaintiff's outstanding discovery responses.

## CONCLUSION

For the reasons set forth herein, Defendant GEICO Advantage Insurance Company respectfully requests that this Court grant its Motion to Compel Jonathan Weimar to Supplement Incomplete And Evasive Responses to GEICO's Second Set of Interrogatories and Request for Production of Documents and further award fees incurred in pursuing this Motion.

Dated: December 20, 2019

Respectfully submitted,

*/s/ George T. Lewis III*

George T. Lewis III (TN #7018)
W. Preston Battle IV (TN #35044)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Telephone: 901.526.2000
Facsimile: 901.577.0818
blewis@bakerdonelson.com
pbattle@bakerdonelson.com

*Counsel for Defendant Geico Advantage Insurance Company*

4846-9586-9090v4
2815012-000007

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), counsel for GEICO attempted to consult with counsel for Plaintiff regarding the action requested by this Motion. Specifically, Buck Lewis, counsel for GEICO, sent Will Routt, counsel for Plaintiff, an email on December 19, 2019 asking if Plaintiff would consent to the action requested by this Motion. Mr. Routt responded to Mr. Lewis's email indicating that counsel for Plaintiff could not confer with counsel for Defendant because of their holiday schedule and that December 30 was the earliest date on which they would be available.

*/s/ George T. Lewis III*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, a true and correct copy of the foregoing has been served via the Court's NextGen/ECF System to the following:

Frank L. Watson (TN #15073)
William F. Burns (TN #17908)
William E. Routt (TN #28577)
Watson Burns, PLLC
253 Adams Ave.
Memphis, TN 38104
Phone: (901) 529-7996
*Attorney for Plaintiff*

Malcom B. Futhey, III (TN # 24432)
Futhey Law Firm, PLC
1440 Poplar Ave.
Memphis, TN 38104
Phone: (901) 725-7585
*Attorney for Plaintiff*

*/s/ George T. Lewis III*

4846-9586-9090v4
2815012-000007