IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONATHAN M. WEIMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-2698-JTF-tmp |
| ) | |
| GEICO ADVANTAGE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTIONS TO COMPEL AND
DENYING DEFENDANT'S MOTIONS FOR SANCTIONS**

Before the court by order of reference are Geico Advantage Insurance Company's ("Geico") motions to compel supplemental discovery responses from Jonathan M. Weimar and for sanctions in the form of legal fees and costs. (ECF Nos. 19 & 20.) For the reasons outlined below, the motions to compel are GRANTED in part and DENIED in part and the motions for sanctions are DENIED.

I. BACKGROUND

This is an automobile insurance dispute. Weimar alleges Geico charged customers a deductible to cover accidents with uninsured motorists where the uninsured motorists were positively identified and solely at fault. Weimar contends this is unlawful under Tennessee state law. Geico concedes this happened to Weimar, but disputes there was some policy or practice of wrongfully charging deductibles. Geico also argues Weimar failed to accurately report

that he was using his car to provide ridesharing services, which Geico argues is grounds for denying Weimar's individual claim.

On June 29, 2018, Weimar filed a putative class action in Tennessee state court seeking recovery of the amount paid by Geico customers toward the allegedly unlawful deductibles. Discovery quickly became contentious. Geico served a set of interrogatories and requests for production on Weimar about his interactions with ridesharing services and about the "formal notice" Weimar alleges he provided Geico requesting payment of his claim before filing suit. Weimar objected to this discovery, though he answered one interrogatory in what Geico states was an evasive way. Weimar propounded discovery asking for Geico's claims files involving uninsured motorist claims from the relevant class period. Geico objected to this discovery.

About a year after the suit was filed, the state court ordered Geico to produce a random sample of 20% of its claims files from uninsured motorist claims from the relevant class period, which came out to 1,366 claims files. At the same time that Geico made its initial production of the claims files, it served an interrogatory on Weimar asking him to: "[p]lease identify by claim number every claim you allege was improperly handled, whether due to violation of Tennessee Code Annotated 56-7-1201(c) or otherwise, and describe in detail the data from the claim file and why you allege the claim was mishandled." Weimar objected to this

discovery. However, without waiving objection, Weimar stated that "Geico improperly handled every [uninsured motorist] claim where Geico's insured was charged a deductible, the insured had both collision and uninsured coverage with Geico, and the operator of the vehicle was positively identified and solely at fault." Geico took the position this response was insufficient and filed a motion to compel a full response to this interrogatory as well as the earlier disputed discovery requests.

On October 11, 2019, the state court held a hearing on Geico's motion to compel. At the hearing, the state court orally ruled on the portion of Geico's motion to compel dealing with Weimar's interactions with ridesharing services as follows:

> THE COURT: Let me save you some time.
>
> [COUNSEL]: Okay.
>
> THE COURT: Anything that is requested in terms of [Weimar's] employment in driving the car, as he was Ubering, driving his Uber, I'm ordering you to answer those questions in full.

(ECF No. 19-5 at 2.) The state court also ordered Weimar to respond to the interrogatory regarding the "formal notice" issue.[1]

---

[1] Or, at least, so the court assumes. Geico represents this is true in its brief, and Weimar does not address the topic. (ECF No. 19 & 28.) However, the excerpt of the state court transcript Geico provided does not actually contain an oral ruling on this subject. It appears Geico simply neglected to attach the relevant page to its excerpt. The court has no reason to doubt the accuracy of Geico's representation about this matter, especially since Weimar has had the opportunity to contest this assertion and has not done so.

The state court also orally ruled on the portion of Geico's motion to compel dealing with the claims file interrogatory. The court's oral ruling was issued in the following exchange:

> [COUNSEL FOR WEIMAR]: Your Honor, the basis for the objection is they didn't ask for rolling identification. They asked for every claim file that was mishandled. We don't have all the claim files. We are happy to provide kind of a rolling basis what they –
>
> THE COURT: It says every claim file that you allege.
>
> [COUNSEL FOR WEIMAR]: That's correct. And we don't have every claim – we don't have every file.
>
> THE COURT: The ones that you have in your possession is what they're asking for.
>
> [COUNSEL FOR WEIMAR]: Okay. Well, we can identify that. I mean, we clearly identified Weimar –
>
> THE COURT: And when can we do it? Can we do it by November 15?
>
> [COUNSEL FOR WEIMAR]: Yes, sir.
>
> THE COURT: So prepare an order to that effect.
>
> [COUNSEL FOR WEIMAR]: Yes, sir.
>
> [COUNSEL FOR GEICO]: I guess we will prepare – that will be our responsibility, Your Honor.
>
> THE COURT: What is the next one?
>
> [COUNSEL FOR GEICO]: And then, Your Honor, we will – if the Court's permission [sic] we will put in the order that once the plaintiffs make a determination that additional claims files are mishandled, that they give that information to us.
>
> THE COURT: Absolutely.

(ECF No. 20-2 at 4-5.) At the same hearing, the state court allowed Weimar to amend his complaint to add a request for punitive damages. The amendment to Weimar's complaint increased the damages at issue over the threshold for removal to federal court under the Class Action Fairness Act of 2005. See 28 U.S.C. § 1332(d)(2). Later the same day, Geico filed notice of removal. (ECF No. 1.) Consequently, a written order memorializing the state court's oral rulings on the motion to compel was never entered.

Despite the absence of a written order, on November 15, 2019, Weimar produced a spreadsheet to Geico identifying by Bates number and document identification number the documents in Geico's sample of claims files that Weimar argues were mishandled. Weimar identified 1,088 claims files that were mishandled, roughly 80% of Geico's random sample of uninsured motorist claims from the relevant class period. Weimar did not provide any of the other discovery the state court ordered to be compelled at that time. On December 20, 2019, Geico filed the instant motions to compel. (ECF Nos. 19 & 20.) The next day, Weimar produced what Weimar represents in his brief are all responsive documents to Geico's requests for production about Weimar's use of ridesharing services. However, Weimar did not provide supplemental responses to Geico's interrogatories about Weimar's interactions with ridesharing

services at that time,[2] nor supplement his response to Geico's interrogatory about the "formal notice" issue.

Geico argues that the court should enforce the state court's oral order. Weimar argues that the state court's order is of no legal consequence because this action has been removed to federal court and that the sought-after discovery is not consistent with the Federal Rules of Civil Procedure in various ways. Weimar also argues in certain parts of his brief that he has, in fact, complied with the state court's order.

## II. ANALYSIS

### A. Effect of the State Court's Oral Orders

28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings had in [an action removed to federal court] prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. This statute means what it says: that "state-court rulings do remain binding on the parties unless and until formally set aside by the federal district court[.]" Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3738 (Rev. 4th ed.). This includes discovery

---

[2]In his brief, Weimar provides a substantive response to one of Geico's interrogatories about ridesharing, Interrogatory 18. However, briefs filed by counsel are different from sworn interrogatory responses, and there is no indication that Weimar has supplemented his sworn interrogatory responses.

rulings. See, e.g., Cooper Health Sys. v. Virtua Health, Inc., 259 F.R.D. 208, 212 (D.N.J. 2009).

One oddity here is that because removal occurred on the same day as the state court's oral rulings, the state court did not have an opportunity to memorialize its oral rulings prior to removal. Most courts faced with this problem have concluded that oral state court rulings are enforceable in federal court after removal. W. Ben. Sols., LLC v. Gustin, No. 1:11-CV-00099-EJL, 2012 WL 4417190, at *3 (D. Idaho Sept. 24, 2012); Pebble Creek Homes, LLC v. Upstream Images, LLC, 547 F. Supp. 2d 1214, 1218 (D. Utah 2007); Heidel v. Voight, 456 F. Supp. 959, 960 (E.D. Wis. 1978); but see Diplomat Pharmacy, Inc. v. Humana Health Plan, Inc., No. 1:08-CV-620, 2008 WL 2685271, at *1 (W.D. Mich. July 2, 2008) (holding, based on Michigan state law, that a state court order needed to be in writing to be valid).[3] In a somewhat different procedural context, a Tennessee federal court has held the date a Tennessee state court orally granted amendment to a complaint was the effective date of amendment rather than the later date of the

---

[3] It does not appear that Tennessee has a similar state law prohibition on oral orders. Tennessee requires judgments and final orders granting dispositive motions to be in writing, and state appellate courts give primacy to written orders when a conflict exists between a written order and oral ruling. Payne v. CSX Transportation, Inc., 467 S.W.3d 413, 441 n.21 (Tenn. 2015); Tenn. R. Civ. Pro. 58. This rule does not make oral rulings a "nullity," however, even on dispositive matters. See Irvin v. Irvin, No. M2011-02424-COA-R3CV, 2012 WL 5993756, at *24 (Tenn. Ct. App. Nov. 30, 2012).

written order memorializing the ruling, reasoning that a contrary holding would "exalt form over substance[.]" Ford v. Healthport Techs., LLC, No. 3:08-CV-208, 2008 WL 3927146, at *3 (E.D. Tenn. Aug. 21, 2008). Based on the weight of authority, the court concludes that the state court's oral ruling compelling discovery was, and remains, valid and binding on the parties.

Weimar raises a variety of arguments as to why the state court's rulings compelling discovery should not have been granted. But the rulings were granted, and this court has never set them aside. The parties had a fair opportunity to litigate these discovery disputes in state court, and this court finds no basis to allow the parties to relitigate these disputes in federal court.

**B.  Weimar's Compliance With the State Court's Order**

The next question is whether Wiemar's responses comply with the state court's order. Weimar refused to answer Interrogatories 18 and 29 entirely.[4] The motion to compel is thus GRANTED with respect to those interrogatories.

In his brief, Weimar represents that he fully responded to Requests for Production 28, 30, 31, and 32 the day after the motion to compel was filed. (ECF No. 28 at 7.) Based on this

---

[4]As noted above, Weimar provided a response to Interrogatory 18 in his brief. However, briefs filed by counsel are not sworn interrogatory responses. Furthermore, Weimar's response to Interrogatory 18 in the brief appears to be inadequate for the same reasons that his response to Interrogatory 17 is inadequate, as discussed below.

representation, and without prejudice to a future motion to compel by Geico in the event this production turns out to be deficient, the motion to compel is DENIED as to Requests for Production 28, 30, 31, and 32.

Weimar argues he has fully answered Interrogatory 17. Interrogatory 17 asks Weimar to list his origin, destination, and purpose for every trip he took on the day of the accident. Weimar claims he does not recall any of that information except that he was not on a trip for a ridesharing service at the time of the accident, and that he cannot be compelled to provide information he does not recall. Geico argues that it has provided Weimar with records Geico has obtained from two ridesharing services showing Weimar driving for each service that day, so Weimar ought to be able to recall at least some of his trips on the day of the accident by inspecting those records. A party responding to an interrogatory is obliged to make a reasonable effort to answer the interrogatory by referencing information at his or her disposal before claiming that he or she does not know the answer. See, e.g., Mohnsam v. Nemes, No. 3:17-CV-427-CRS-CHL, 2019 WL 3307233, at *4 (W.D. Ky. July 23, 2019). Given that, the motion to compel with regard to Interrogatory 17 is GRANTED. Weimar shall make a reasonable effort to investigate his origin, destination, and purpose for every trip he took on the day of the accident, including but not limited to

examining the records provided to him by Geico of his interactions with ridesharing services.

This leaves only the interrogatory asking Weimar to identify mishandled claims. Weimar argues he has complied with the state court's order by producing a spreadsheet to Geico identifying by Bates number and document identification number the documents in Geico's sample of claims files that Weimar argues were mishandled. Geico argues Weimar's response is deficient because it (1) does not identify the mishandled claims by claims number, (2) does not list claims Weimar alleges were mishandled outside of the claims sample Geico provided, and (3) does not give detailed claim-specific reasons why Weimar believes each identified file was mishandled.

The state court's oral ruling required Weimar to identify those claims he alleges were mishandled. The state court's oral ruling did not say anything about identification by claims number rather than Bates number. That requirement appears in Geico's original interrogatory, not in anything announced by the state court. The court declines to assume the state court adopted all of Geico's interrogatory by implication. Furthermore, the context in which the ruling occurred suggests that the identified claims would be those claims that Weimar had access to — the claims in the sample. Geico's first two objections to Weimar's response are without a recorded basis in the state court's oral order.

The court also declines to interpret the state court's oral order as requiring detailed claim-specific reasons about why Weimar believes each allegedly mishandled claim was mishandled. One of the primary purposes of the class action mechanism is to avoid the unnecessary expense of individually litigating matters that can be resolved on a classwide basis. Requiring detailed discussion of hundreds of individual claims would undermine this benefit — especially in a case such as this, where the class might never be certified. The state court said nothing in its oral ruling that suggests it wanted to impose such a pre-certification burden on Weimar.

Weimar has identified each claim in the sample that he alleges was mishandled. Because the state court's order did not require anything further, the motion to compel with regard to Interrogatory 30 is DENIED.

**C. Sanctions**

Geico requests sanctions in the form of legal fees and costs. Geico argues that Weimar's failure to comply with the state court's orders justifies sanctions. The Federal Rules of Civil Procedure permit legal fees and costs to be awarded as sanctions. See Fed. R. Civ. P. 37(a)(5)(C) ("If the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."). It is within the court's discretion to decide whether

to award legal fees and costs where a motion to compel is granted in part and denied in part. Id. Here, given the unusual procedural questions associated with the state court's order, the court elects not to impose sanctions. The motions for sanctions are DENIED.

### III. CONCLUSION

For the reasons above, the motions to compel are GRANTED in part and DENIED in part. The motions for sanctions are DENIED. To the extent the motions are granted, Weimar shall respond within fourteen days of entry of this order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 16, 2020
Date