IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONATHAN M. WEIMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-2698-JTF-tmp |
| ) | |
| GEICO ADVANTAGE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR REVISION, GRANTING IN PART MOTION TO CLARIFY, AND DENYING MOTION FOR SANCTIONS**

Before the court are Geico Advantage Insurance Company's ("Geico") motion for revision, or in the alternative, clarification of its prior order and Jonathan M. Weimar's motion for sanctions. (ECF Nos. 41 & 45.) For the reasons below, the motion for revision is DENIED, the motion to clarify is GRANTED IN PART, and the motion for sanctions is DENIED.

**I. BACKGROUND**

These motions stem from a prior discovery dispute. To summarize, Weimar filed a putative class action against Geico in state court. In the state court discovery process, Weimar wanted Geico to produce its claims files for uninsured motorists from a certain period. Geico resisted producing these files. The state court forged a compromise and ordered Geico to produce 20% of its claims files for uninsured motorists from the relevant period.

Geico then served Weimar with an interrogatory asking him to identify those claims of the sample it produced that Weimar believed had been mishandled. The text of Geico's interrogatory asked Weimar to "identify" the claims "by claim number," "describe in detail the data from the claim file," and "describe in detail why Plaintiff alleges the claim was mishandled." (ECF No. 20.) Weimar refused to do so, asserting proportionality and attorney work product objections. Geico moved to compel in state court.

The state court orally ruled on Geico's motion to compel. The court's oral ruling was issued in the following exchange:

> [COUNSEL FOR WEIMAR]: Your Honor, the basis for the objection is they didn't ask for rolling identification. They asked for every claim file that was mishandled. We don't have all the claim files. We are happy to provide kind of a rolling basis what they –
>
> THE COURT: It says every claim file that you allege.
>
> [COUNSEL FOR WEIMAR]: That's correct. And we don't have every claim – we don't have every file.
>
> THE COURT: The ones that you have in your possession is what they're asking for.
>
> [COUNSEL FOR WEIMAR]: Okay. Well, we can identify that. I mean, we clearly identified Weimar –
>
> THE COURT: And when can we do it? Can we do it by November 15?
>
> [COUNSEL FOR WEIMAR]: Yes, sir.
>
> THE COURT: So prepare an order to that effect.
>
> [COUNSEL FOR WEIMAR]: Yes, sir.

> [COUNSEL FOR GEICO]: I guess we will prepare – that will be our responsibility, Your Honor.
>
> THE COURT: What is the next one?
>
> [COUNSEL FOR GEICO]: And then, Your Honor, we will – if the Court's permission [sic] we will put in the order that once the plaintiffs make a determination that additional claims files are mishandled, that they give that information to us.
>
> THE COURT: Absolutely.

(ECF No. 20-2 at 4-5.) At the same hearing, the state court allowed Weimar to amend his complaint to add a request for punitive damages. The amendment to Weimar's complaint increased the damages at issue over the threshold for removal to federal court under the Class Action Fairness Act of 2005. See 28 U.S.C. § 1332(d)(2). Later the same day, Geico filed notice of removal. (ECF No. 1.) Consequently, a written order memorializing the state court's oral rulings on the motion to compel was never entered. Despite the absence of a written order, on November 15, 2019, Weimar produced a spreadsheet to Geico identifying by Bates number and document identification number the documents in Geico's sample of claims files that Weimar argues were mishandled.

Geico moved to compel in federal court. Geico argued that Weimar's response was insufficient because, to quote Geico's original motion to compel, "Plaintiff does not 'identify' the claims 'by claim number,' 'describe in detail the data from the claim file,' or 'describe in detail why Plaintiff alleges the claim

- 3 -

was mishandled,' as required by . . . the Chancery Court's ruling." (ECF No. 20.) In response, Weimar argued that he had complied with the state court's order by simply identifying those claims files he believed were mishandled. In addition, Weimar raised a number of arguments about why the state court's order should not have been granted.

This court rejected Weimar's arguments about why the state court's order should not have been granted. Consistent with 28 U.S.C. § 1450, the court concluded the state court's order remained binding on the parties. However, this court interpreted the state court's order more narrowly than Geico. This court reasoned that "[t]he state court's oral ruling did not say anything about identification by claims number rather than Bates number. That requirement appears in Geico's original interrogatory, not in anything announced by the state court. The court declines to assume the state court adopted all of Geico's interrogatory by implication." (ECF No. 33.) The court further reasoned that:

> The court also declines to interpret the state court's oral order as requiring detailed claim-specific reasons about why Weimar believes each allegedly mishandled claim was mishandled. One of the primary purposes of the class action mechanism is to avoid the unnecessary expense of individually litigating matters that can be resolved on a classwide basis. Requiring detailed discussion of hundreds of individual claims would undermine this benefit — especially in a case such as this, where the class might never be certified. The state court said nothing in its oral ruling that suggests it wanted to impose such a pre-certification burden on

Weimar.

(ECF No. 33.) This court held that "[t]he state court's oral ruling required Weimar to identify those claims he alleges were mishandled." (ECF No. 33.) As Weimar had (apparently) already done that, this court denied this aspect of the motion to compel. The court granted the motion to compel certain other disputed discovery responses.

Geico moves for revision of this order. Geico makes three arguments in support of revision, two express and one strongly implied. The first express argument is that Weimar has indicated in a subsequent filing that he reviewed the claims files Geico provided. In light of this, Geico asserts "the factual basis underlining this Court's decision to deny GEICO's Motion to Compel on this issue is obviously no longer true[.]" (ECF No. 41.) The second express argument is that Weimar has made inconsistent legal argument in different filings, particularly about the attorney work product doctrine. The third argument — not explicitly stated but strongly implied — is that this court simply erred. Geico argues it would not have been burdensome for Weimar to comply with its interrogatory as written and that the court erred when it held Geico was asking for "detailed claim-specific reasons" for why each file was mishandled. (ECF No. 33.) Instead, Geico says it "simply seeks to have the Plaintiff identify, from the review that he has already conducted, those claim files for which it contends

a deductible was applied when it should not have been. This will not require a detailed analysis." (ECF No. 41.) In the alternative, Geico asks the court to clarify its prior order to state "whether or not it intends for its Order to protect Plaintiff from the disclosures of the results of his review for the duration of this litigation, or, in the alternative, whether it intends that Plaintiff be protected from disclosing the results of this review until later." (ECF No. 41.) In response, Weimar has moved sanctions against Geico for filing this motion under Federal Rule of Civil Procedure 37(a)(5)(B) and Local Rule 7.3(c). (ECF No. 45.)

## II. ANALYSIS

### A. Motion for Revision

In this district, motions for revision are governed by Local Rule 7.3, which provides in pertinent part:

> (b) <u>Form and Content of Motion to Revise.</u> A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.
>
> (c) <u>Prohibition Against Repetition of Argument</u>. No motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised. Any party or counsel who violates

> this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing.

In addition, a district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment. Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 F. App'x 942, 945-46 (6th Cir. 2004). "Traditionally, reconsideration of an interlocutory order is only appropriate when one of the following has occurred: (1) an intervening change in the law; (2) the discovery of new evidence; or (3) the need to correct clear error or correct manifest injustice." Bailey v. Real Time Staffing Services, Inc., 927 F. Supp. 2d 490, 501 (W.D. Tenn. 2012); see also Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., No. 09-2127, 2010 WL 3925261, at *2 (W.D. Tenn. Sept. 29, 2010). "When the parties simply 'view the law in a light contrary to that of [the court],' the 'proper recourse' is not to file a motion to reconsider but rather to file an appeal." Bailey, 927 F. Supp. 2d at 501-02 (quoting Dana Corp. v. United States, 764 F. Supp. 482, 489 (N.D. Ohio 1991)). The parties chose not to appeal this court's order.

Geico's first argument for revision — that Weimar has subsequently admitted he reviewed the claims files, meaning it would not be burdensome for him to give reasons for why he believes each claims file was mishandled — is unpersuasive. Geico asked this court to enforce the state court's order. The court reviewed

the hearing transcript and concluded it did not say anything about requiring Weimar to provide reasons for why each claims file was mishandled. The court further reasoned that the state court said nothing that would suggest it wanted to impose such a burden on Weimar. The court thus denied the motion to compel. Weimar's subsequent review of the claims files is entirely irrelevant to that analysis. Moreover, even if this court were to consider the issue anew, it would not come to a different conclusion. At this stage of the litigation, requiring Weimar to give individual reasons for why each of 1,088 claims files was mishandled would be burdensome, regardless of whether Weimar has reviewed those files.

Geico's second argument for revision — Weimar's supposedly inconsistent positions in different motions — is also unpersuasive. To the extent Weimar's arguments may be inconsistent, this is not the kind of extraordinary circumstance that justifies an order of revision.

Geico's third argument – that the court erred because the company's interrogatory did not ask for a detailed analysis – could have been made in its original briefing. If Geico wanted to argue its interrogatory "simply [sought] to have the Plaintiff identify, from the review that he has already conducted, those claim files for which it contends a deductible was applied when it should not have been," then Geico could have argued that in its original motion. (ECF No. 41.) Geico chose not to argue that. It instead

argued that Weimar's response was deficient because "Plaintiff does not 'identify' the claims 'by claim number,' 'describe in detail the data from the claim file,' or 'describe in detail why Plaintiff alleges the claim was mishandled,' as required by . . . the Chancery Court's ruling." (ECF No. 20.) Geico is not free to take a new position in its motion for revision.

Furthermore, if Geico's interrogatory was actually as limited as it now asserts, this dispute would be moot. Weimar has provided Geico with a list of claims files Weimar believes were mishandled. Were this dispute actually a question of Weimar "identif[ing], from the review that he has already conducted, those claim files for which it contends a deductible was applied when it should not have been," the original motion to compel and this motion for revision presumably would never have been brought. (ECF No. 41.) This dispute exists because Geico is asking for more than that. The motion for revision is DENIED.

**B. Motion for Clarification**

In the alternative, Geico asks "that this Court clarify its Order and state whether or not it intends for its Order to protect Plaintiff from the disclosures of the results of his review for the duration of this litigation, or, in the alternative, whether it intends that Plaintiff be protected from disclosing the results of this review until later." (ECF No. 41.)

If Geico is asking if the court's ruling was based on Weimar's attorney work product objection, it was not. The court expressly declined to consider Weimar's arguments about why the state court's order should not have been granted, including his work product objection. The court's ruling was based on the specific issues presented in the motion to compel and was not intended to address any future discovery disputes that might arise between the parties.

There is one aspect of the court's prior order that does need to be clarified. At the time of its order, the court was under the impression that Weimar's list of mishandled claims files took the form of a sworn supplement to his interrogatory response. According to Geico's reply to Weimar's response to the motion for revision, this is not the case. (ECF No. 50.) The court thus CLARIFIES that Weimar's list of mishandled claims should have taken the form of a sworn supplement to his interrogatory response. The court ORDERS that Weimar shall provide such a sworn supplement within five days of entry of this order.

## C. Motion for Sanctions

Weimar argues that Geico should be sanctioned for filing this motion for reconsideration under Federal Rule of Civil Procedure 37(a)(5)(B) and Local Rule 7.3(c). In light of the fact this motion is at least partially successful, the court DENIES the motion for sanctions.

**III. CONCLUSION**

For the reasons above, the motion for revision is DENIED, the motion to clarify is GRANTED IN PART, and the motion for sanctions is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 4, 2020
Date